# No. 25-50171

# In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JAMES ANTHONY KIRKWOOD,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Western District of Texas

———————————

**Brief of Defendant-Appellant**

———————————

MAUREEN SCOTT FRANCO
Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, Texas 78205
Tel.: (210) 472-6700
Fax: (210) 472-4454

JUDY FULMER MADEWELL
First Assistant
Federal Public Defender

*Attorney for Defendant-Appellant*

# Certificate of Interested Persons

## UNITED STATES v. JAMES ANTHONY KIRKWOOD, No. 25-50171

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1. **James Anthony Kirkwood,** Defendant-Appellant;

2. **Justin R. Simmons,** Interim U.S. Attorney;

3. **Jaime Esparza,** former U.S. Attorney;

4. **William F. Calve,** Assistant U.S. Attorney, who represented Plaintiff-Appellee in the district court;

5. **Maureen Scott Franco,** Federal Public Defender;

6. **Roland J. Garcia,** Assistant Federal Public Defender, who represented Defendant-Appellant in the district court;

7. **Judy Fulmer Madewell,** Assistant Federal Public Defender, who represents Defendant-Appellant in this Court.

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.

/s/ Judy Fulmer Madewell
JUDY FULMER MADEWELL
*Attorney for Defendant-Appellant*

i

## Statement Regarding Oral Argument

Kirkwood requests oral argument. He argues that the district court erred by ordering restitution, under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, for a victim's claimed lost income and mental anguish. Because the victim had not suffered bodily injury and the lost income was not incurred during participation in the investigation or prosecution of the offense or attendance at any proceedings, the MVRA did not authorize the restitution for lost income. 18 U.S.C. § 3663A(b)(2), (b)(4). Additionally, the Government failed to prove, and the court did not determine that Kirkwood's conduct "directly and proximately" caused the lost income. 18 U.S.C. § 3663A(a)(2). Finally, the MVRA also did not authorize restitution for mental anguish. § 3663A(b)(2). Because the restitution is a sentence in excess of the statutory maximum, Kirkwood's appeal waiver does not bar his challenge to it. Oral argument would be helpful in this case. It would allow the parties to address any questions the Court may have about the record or law governing this case.

# Table of Contents

Certificate of Interested Persons.......................................... i

Statement Regarding Oral Argument............................................ ii

Table of Contents ........................................................... iii

Table of Authorities......................................................... v

Subject Matter and Appellate Jurisdiction ................................... 1

Issues Presented for Review.................................................. 2

Statement of the Case........................................................ 3

Summary of the Argument .................................................... 12

Argument and Authorities................................................... 13

The district court erred in ordering $8,000 restitution for the victim's claimed lost income and mental anguish, neither of which was authorized by the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A. ........................................ 13

A. Standard of review. .................................................... 14

B. The appeal waiver does not bar Kirkwood from challenging the $8,000 restitution order. ........................... 14

C. The district court erred ordering $8,000 restitution for the victim's claimed lost income and mental anguish. ...... 15

1. The MVRA does not authorize restitution for a victim's lost income unless the victim suffered bodily injury, or the loss was incurred during participation in the criminal proceedings.................... 16

2. The district court did not have authority to order restitution because it failed to determine that the victim's claimed lost income was directly and proximately caused by Kirkwood's offense. .................. 20

3.  The district court did not have authority to order
restitution for mental anguish. ..................................... 25

Conclusion ...................................................................... 28

Certificate of Compliance with Type-Volume Limit ...................... 29

# Table of Authorities

## Cases

*Lagos v. United States,*
    584 U.S. 577 (2018) .......................................................*passim*

*Paroline v. United States,*
    572 U.S. 434 (2014) ........................................................ 24, 25

*United States v. Alfred,*
    60 F.4th 979 (5th Cir. 2023) ...................................... 24

*United States v. Beydoun,*
    469 F.3d 102 (5th Cir. 2006) ................................. 21, 27

*United States v. Bond,*
    414 F.3d 542 (5th Cir. 2005) ...................................... 14

*United States v. Chem. & Metal Indus., Inc.,*
    677 F.3d 750 (5th Cir. 2012) ...................................... 27

*United States v. Husky,*
    924 F.2d 223 (11th Cir. 1991) ................................... 26

*United States v. Keele,*
    755 F.3d 752 (5th Cir. 2014) ...................................... 14

*United States v. Kim,*
    988 F.3d 803 (5th Cir. 2021) ......................... 14, 15, 21

*United States v. Koutsostamatis,*
    966 F.3d 301 (5th Cir. 2020) ...............................*passim*

*United States v. Leal,*
    933 F.3d 426 (5th Cir. 2019) ...................................... 15

*United States v. Sepulveda,*
    64 F.4th 700 (5th Cir. 2023) ...................................... 21

*United States v. Sharma,*
  703 F.3d 318 (5th Cir. 2012) ........................................... 21, 23, 26

*United States v. Villalobos,*
  879 F.3d 169 (5th Cir. 2018) ...................................................... 25

*United States v. West,*
  137 F.4th 395 (5th Cir. 2025)..................................................... 23

*United States v. Winchel,*
  896 F.3d 387 (5th Cir. 2018) ...................................................... 15

**Statutes**

18 U.S.C. § 1951(a) ................................................................... 3, 4

18 U.S.C. § 3231....................................................................... 1

18 U.S.C. § 3663....................................................................... 26

Mandatory Victims Restitution Act (MVRA),
  18 U.S.C. § 3663A................................................................*passim*

18 U.S.C. § 3663A(a)(2) ................................................... ii, 17, 21, 25

18 U.S.C. § 3663A(b)................................................................. 2, 13

18 U.S.C. § 3663A(b)(1) .......................................................... 17, 26

18 U.S.C. § 3663A(b)(2) ........................................................*passim*

18 U.S.C. § 3663A(b)(2)(C)......................................................*passim*

18 U.S.C. § 3663A(b)(3) .......................................................... 17, 26

18 U.S.C. § 3663A(b)(4) ........................................................*passim*

18 U.S.C. § 3663A(c)(1) ............................................................... 17

18 U.S.C. § 3664(a) ...................................................................... 22

18 U.S.C. § 3664(e)......................................................... 21, 23, 25

18 U.S.C. § 3742(a) ............................................................ 1

28 U.S.C. § 1291 ................................................................ 1

**Rules**

Fed. R. App. P. 4(b)(1)(A)(i) ........................................... 1

Fed. R. App. P. 32(a)(5) ................................................. 29

Fed. R. App. P. 32(a)(6) ................................................. 29

Fed. R. App. P. 32(a)(7)(B) ............................................ 29

Fed. R. App. P. 32(f) ..................................................... 29

**Other Authorities**

Fifth Cir. Pattern Jury Instr. (Criminal Cases) 2.07
  & 2.12 (2024) ............................................................ 18

## Subject Matter and Appellate Jurisdiction

**1.  Subject Matter Jurisdiction in the District Court.** This case arose from the prosecution of alleged offenses against the laws of the United States. The district court had jurisdiction under 18 U.S.C. § 3231.

**2.  Jurisdiction in the Court of Appeals.** This is a direct appeal from a final decision of the United States District Court for the Western District of Texas entering a judgment of criminal conviction and sentence under the Sentencing Reform Act of 1984. This Court has jurisdiction of the appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

A criminal defendant who wishes to appeal a district court judgment must file a notice of appeal in the district court within 14 days after the judgment's entry. Fed. R. App. P. 4(b)(1)(A)(i). In this case, the district court entered the judgment on February 24, 2025, and Kirkwood filed his notice of appeal on March 3, 2025. ROA.6, 108–10.

## Issues Presented for Review

A district court must impose restitution, under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, to a victim who was "directly and proximately harmed" by the defendant's offense conduct. The MVRA delineates the types of costs, expenses, and losses to which restitution applies. § 3663A(b).

1. Does Kirkwood's appeal waiver bar his challenge to the restitution when it exceeded the statutory maximum because the district court ordered it for the victim's claimed lost income and mental anguish, neither of which were authorized by the MVRA, and the court failed to determine that the victim's claimed lost income was "directly or proximately" caused by Kirkwood's conduct?

2. Did the district court err by imposing restitution for the victim's claimed lost income and mental anguish?

2

## Statement of the Case

James Anthony Kirkwood pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). At sentencing, the district court imposed, among other things, $8,945.39 in restitution. On appeal, Kirkwood argues that the district court erred by imposing $8,000 restitution for victim A.C.'s claimed lost income and mental anguish.[1] The Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, does not authorize restitution for lost income unless the victim suffered bodily injury, § 3663A(b)(2), or the lost income was incurred during participation in the investigation or prosecution of the offense or attendance at proceedings, § 3663A(b)(4). Neither circumstance applied here. The Government also failed to prove, and the court failed to determine, that A.C.'s claimed lost income was "directly and proximately" caused by Kirkwood's conduct. Finally, the MVRA does not authorize restitution for mental anguish. Because the restitution was a sentence in excess of the statutory maximum, Kirkwood's appeal waiver does not bar his challenge, and the restitution order should be vacated.

---

[1] Kirkwood does not challenge the $945.39 in restitution for money stolen from four of the robbery locations. ROA.167.

*Indictment.* Kirkwood was charged by indictment with six counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), involving robberies of Dollar Tree, Dollar General, PetSmart, and Big Lots stores in San Antonio, Texas, in January 2023. ROA.30–34.

*Plea agreement and guilty plea.* Kirkwood pleaded guilty to one count of Hobbs Act robbery (Count Six), pursuant to a plea agreement. ROA.123, 151–62. In exchange, the Government agreed to dismiss the remaining counts, to not seek additional charges against Kirkwood, and to not oppose a reduction for acceptance of responsibility, if warranted. ROA.151, 158.

The factual basis in the plea agreement set out the facts establishing the six Hobbs Act robberies. ROA.153–55. The robbery in Count One of the indictment was of a Dollar Tree store:

> Kirkwood … told the cashier, a 71-year-old woman, "Do not panic. I have a gun. I want the cash." Kirkwood was holding a bulky item underneath his shirt, believed by employees to be a handgun. The cashier, in fear, said she did not have access to the register and called the manager, who opened the register and gave Kirkwood approximately $260.00 in cash. Kirkwood took the money and fled…. The cashier, who typically worked 10-12 hours a week, quit after the robbery.

ROA.153. The factual basis also set out the amounts Kirkwood stole from the various stores that were not recovered, totaling $945.39. ROA.153–54.

Kirkwood agreed to waive his right to appeal his conviction or sentence on any ground, including "any challenges to the … restitution order or amount." ROA.156. Kirkwood agreed to pay restitution "in an amount to be determined by the Court at sentencing." ROA.160. The agreement specified, "Defendant agrees and understands that the Court will determine the total sum of restitution involving the charged crime and relevant conduct." ROA.160.

*Presentence Report.* A probation officer prepared a revised presentence report (PSR). ROA.163–82. The officer calculated the total offense level as 26 with a criminal history category of III, resulting in a Guidelines range of 78 to 97 months' imprisonment. ROA.168–75, 179.

In the "Victim Impact" section, the PSR stated that the factual basis of the plea agreement identified "$945.39 in loss between four of the robbery locations." ROA.167. The PSR noted that only one person, A.C., had requested restitution, and referred to her victim impact statement:

According to victim AC (Count One), she quit her job on the day of the robbery. She got a new job shortly after but had to take a job where she had no interaction with customers due to fear of being robbed again. She had to take a cut in pay of $400 per month due to her unwillingness to work with customers.… AC described sleepless nights and when she can sleep, she has nightmares. She has to have her son take her places in public because of general fear and mistrust of other people.

ROA.167.

In the "Restitution" section, the PSR cited 18 U.S.C. § 3663A. ROA.181. It listed to whom restitution was owed and the amount of loss:

- Dollar Tree        $260.00
- Dollar General    $445.39
- PetSmart          $170.00
- Big Lots          $70.00

ROA.181. The PSR did not include a restitution amount for A.C., stating only that the amount of loss was "TBD" ("to be decided"). ROA.181.

*A.C.'s victim impact statement and documents.*[2] In the victim impact statement, A.C. stated that her total amount of lost income was "$400.00 a month/pay cut by working @ Hungry Howie's has come to $100.00 a month. Had I stayed w/ Dollar Tree $8,400.00." VIS. A.C. stated that she had no physical injuries. VIS. She added, however, "mental, I was scared being in front of customers." VIS. A.C. had not received any medical treatment or incurred any medical expenses. VIS. Nor had she received any counseling or incurred any counseling expenses. VIS. In the declaration of victim losses, A.C. again stated her total amount of losses was $8,400.00 for "[l]ost wages plus how I have been filling [sic] due to the robbery." DVL.

---

[2] The probation officer stated that the victim impact statement was attached to the PSR. ROA.168. Appellate counsel for Kirkwood did not receive it as a part of the EROA or the sealed documents. Today, counsel filed a sealed motion to supplement the record with the victim impact statement and the declaration of victim losses. Counsel cites the victim impact statement as "VIS" and the declaration of victim losses as "DVL."

The Government obtained six earnings statements from A.C.—three from Dollar Tree and three from Hungry Howie's, which showed:

### Dollar Tree

| Pay period | rate | hours | net pay |
|---|---|---|---|
| 12/25/22-1/7/23 | $9.25 | 16.38 | $139.92 |
| 1/8/23-1/21/23 | $9.25 | 26.92 | $229.96 |
| 1/22/23-2/4/23 | $9.25 | 15.38 | $131.39 |

### Hungry Howie's

| | | | |
|---|---|---|---|
| 11/18/24-12/1/24 | $9.25 | 6.22 | $53.14 |
| 12/2/24-12/15/24 | $9.25 | 6.25 | $53.39 |
| 12/30/24-1/12/25 | $9.25 | 6.13 | $52.36 |

ROA.143, 221–26.

*Sentencing Hearing.* At sentencing, when the district court started to address restitution, the probation officer stated, "There may be a question about the restitution that the government can help—." ROA.142.

The prosecutor then addressed A.C.'s victim impact statement. ROA.142. The prosecutor noted A.C. "stated that she is requesting approximately $8,400 in loss of earnings because now she works as a dishwasher at a different store." ROA.142–43. The U.S. Attorney's

Office had followed up with A.C. "to see if she had any supporting documentation." ROA.143. They received some earning statements from her previous job with Dollar Tree and from her current job. ROA.143; *see also* ROA.221–26. The prosecutor offered the earning statements to the Court:

> AUSA:    We can provide those to the Court if that's something the Court is willing to consider.
>
> Court:    Yes. But have you done the calculations to get a number, or not?
>
> AUSA:    Yes, Judge. And *I think* her calculation is right, if we calculate from the time of the robbery to December, when she submitted the victim impact statement.

ROA.143 (emphasis added).

Counsel for Kirkwood objected to the restitution amount as "purely speculative." ROA.143. The documentation showed A.C. was being paid the same hourly rate at her new job as she had at the Dollar Tree. ROA.143. And it showed that A.C. was a part-time employee at both jobs without guaranteed hours at either. ROA.143.

In response, the district court asked the prosecutor and probation officer about "mental anguish":

Court:      Is mental anguish also an element of restitution
            to victims … or is there any reason why it can't
            be?

AUSA:       I don't know of a reason why it cannot be.

Probation:  [W]e've never considered mental anguish in a
            restitution.

ROA.144. With regard to the lost income, the prosecutor also stated,

> *I don't think* that the numbers we're seeing are *inconsistent*
> with her statement. She's saying that now she works at a job
> where she's not around customers. *It seems like* they sched-
> ule her less hours. She's saying she has this job on account
> of the robbery. *I don't think* that's *inconsistent* with what
> we're seeing.

ROA.144 (emphasis added). The court responded, "Well, we'll make

some new law." ROA.144.

The district court calculated the restitution as "the $945.39 for

the store victims' lost sales" and $8,000 for A.C.:

> there will be $8,000 in restitution to the lady who filed the
> victim impact statement, for a combination of lost wages.
> *And if that is not actually supported*, in the alternative,
> $8,000 for the mental anguish and the ongoing pain that
> she—and the hassles of having the fear of being out in public
> alone.

ROA.144–45 (emphasis added). The total restitution ordered was

$8,945.39.

Kirkwood's attorney objected to the restitution calculation and amount. ROA.145–46. The district court also sentenced Kirkwood to 78 months' imprisonment and three years' supervised release. ROA.141, 148.

*The Judgment.* The written judgment memorialized the sentence announced by the district court, including that "[t]he defendant shall pay restitution in the amount of $8,945.39." ROA.106. The judgment set out the name of the payee and the amount of restitution:

- Dollar Tree        $260.00
- Dollar General     $445.39
- PetSmart           $170.00
- Big Lots           $70.00
- A.C.               $8,000.00

ROA.106.

*Notice of Appeal.* Kirkwood appealed. ROA.108–10.

## Summary of the Argument

**The district court erred in ordering $8,000 restitution for the victim's claimed lost income and mental anguish, neither of which was authorized by the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A.**

The district court ordered Kirkwood to pay $8,000 restitution for victim A.C.'s claimed lost income and mental anguish. The court erred because the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, does not authorize restitution for lost income unless the victim suffered bodily injury, § 3663A(b)(2)(C), or the lost income was incurred during participation in the investigation, prosecution, or attendance in the criminal case, § 3663A(b)(4). Additionally, even if restitution for lost income was allowed, which Kirkwood does not concede, the court failed to determine that A.C.'s claimed lost income was "directly and proximately" caused by Kirkwood's conduct. Finally, the MVRA does not authorize restitution for mental anguish.

Because the district court was not authorized to order restitution for A.C.'s claimed lost income or mental anguish, the restitution was a sentence in excess of the statutory maximum. Kirkwood's challenge to his restitution order is not barred by his appeal waiver, and the restitution order should be vacated.

## Argument and Authorities

**The district court erred in ordering $8,000 restitution for the victim's claimed lost income and mental anguish, neither of which was authorized by the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A.**

The district court erred in ordering Kirkwood to pay $8,000 restitution for the victim A.C.'s claimed lost income and mental anguish. Because there was no evidence that A.C. had suffered bodily injury, 18 U.S.C. § 3663A(b)(2)(C), or that her claimed lost income was incurred during participation in the investigation or prosecution of the offense or attendance at any proceedings, § 3663A(b)(4), the Mandatory Victims Restitution Act (MVRA) did not authorize restitution for her lost income. Even if restitution was allowed for A.C.'s claimed lost income, which Kirkwood does not concede, the court failed to determine that Kirkwood's conduct "directly and proximately" caused the lost income. Finally, the MVRA does not authorize restitution for mental anguish. § 3663A(b).

Because the district court was not authorized to order restitution for A.C.'s alleged lost income or mental anguish, the restitution was a sentence in excess of the statutory maximum. Kirkwood's challenge to his restitution order is not barred by his appeal waiver, and the restitution order should be vacated.

## A. Standard of review.

A challenge to the legality of a restitution order under the MVRA is reviewed de novo. *United States v. Koutsostamatis*, 966 F.3d 301, 305 (5th Cir. 2020). This Court reviews "de novo whether a restitution award exceeds the statutory maximum," and reviews for "abuse of discretion a district court's determination of a legally permissible restitution amount." *United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021).

## B. The appeal waiver does not bar Kirkwood from challenging the $8,000 restitution order.

Reviewing the effect of an appeal waiver involves "a two-step inquiry" asking: (1) "whether the waiver was knowing and voluntary" and (2) "whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). Kirkwood does not argue that his waiver was not knowing and voluntary. He argues that the waiver does not apply to the circumstances here because the $8,000 restitution was a sentence in excess of the statutory maximum.

This Court has held that an appeal waiver does not bar a defendant's challenge to a sentence in excess of the statutory maximum even when the defendant did not expressly reserve his right to raise a statutory-maximum challenge. *United States v. Leal*, 933 F.3d 426, 430 (5th Cir. 2019). Kirkwood's argument that his restitution order was not authorized by the MVRA is an argument that the restitution is a sentence in excess of the statutory maximum. *See Koutsostamatis*, 956 F.3d at 303 (holding that a district court "cannot order restitution without statutory authorization"); *Kim*, 988 F.3d at 809 (holding "'[i]f a court orders a defendant to pay restitution … without determining that the defendant's conduct proximately caused the victim's claimed losses, the amount of restitution necessarily exceeds the statutory maximum'") (quoting *United States v. Winchel*, 896 F.3d 387, 389 (5th Cir. 2018)). Accordingly, the appeal waiver does not bar this appeal.

## C. The district court erred ordering $8,000 restitution for the victim's claimed lost income and mental anguish.

The district court erred in ordering Kirkwood to pay $8,000 in restitution for the victim A.C.'s claimed lost income and mental anguish under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A. The MVRA does not authorize restitution for lost

income unless the victim suffered bodily injury, § 3663A(b)(2)(C), or the lost income was incurred from participating in the investigation or prosecution of the offense or from attending proceedings, § 3663A(b)(4). There was no evidence that A.C. suffered bodily injury or that she incurred the claimed lost income during participation in the investigation or prosecution of this offense. Even if the MVRA authorized restitution for lost income in this case, which Kirkwood does not concede, the district court failed to determine that Kirkwood's conduct "directly and proximately" caused A.C.'s claimed lost income. The court also ordered $8,000 restitution for A.C.'s mental anguish, either in combination with or as an alternative to the claimed lost income. The MVRA, however, does not authorize restitution for a victim's mental anguish.

1. **The MVRA does not authorize restitution for a victim's lost income unless the victim suffered bodily injury, or the loss was incurred during participation in the criminal proceedings.**

The MVRA requires restitution when "(1) the underlying offense is a 'crime of violence,' an 'offense against property … including any offense committed by fraud and deceit,' or one of two specific crimes concerning tampering with consumer products or theft of medical

products, and (2) an identifiable victim suffers a physical or pecuniary loss." *Koutsostamatis*, 956 F.3d at 304; § 3663A(c)(1). A victim is "a person directly and proximately harmed as a result of an offense for which restitution may be ordered." § 3663A(a)(2).

The MVRA also delineates the type of losses or expenses for which restitution may be ordered:

- In the case of property offenses, return of the property or its value, § 3663A(b)(1);

- In the case of bodily injury, the payment of medical expenses and lost income, § 3663A(b)(2);

- In the case of death, the payment of funeral expenses, § 3663A(b)(3);

- In all cases, reimbursement for lost income and necessary child care, transportation, and other expenses "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense," § 3663A(b)(4).

*Lagos v. United States*, 584 U.S. 577, 580–81 (2018). If the statute does not authorize restitution, then the district court cannot order it. *Koutsostamatis*, 956 F.3d at 303.

Here, the district court ordered Kirkwood to pay $8,000 restitution to A.C. for claimed lost income. Under the MVRA, restitution for lost income is authorized in only two circumstances: (1) when the victim suffered bodily injury as a result of the defendant's offense, § 3663A(b)(2)(C), or (2) when the lost income was "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense," § 3663A(b)(4). Neither of these circumstances applied here.

There was no evidence that A.C. suffered bodily injury as a result of Kirkwood's robbery offense. § 3663A(b)(2). There was no evidence that A.C. suffered any "cut, abrasion, bruise," "physical pain," "illness," or "impairment of a bodily member, organ, or mental faculty." Fifth Cir. Pattern Jury Instr. (Criminal Cases) 2.07 & 2.12 (2024) (defining "bodily injury" in Title 18). There was no physical contact during the robbery. ROA.153, 166. Neither the plea agreement nor the PSR mentioned A.C. suffering bodily injury. ROA.153, 166–68. The Government did not claim or provide any evidence that A.C. suffered bodily injury. ROA.140, 142–44. The district court made no finding of bodily injury. ROA.138–39, 144–45. And, in her victim impact statement, A.C. stated that she had no physical injuries, had not received medical treatment, and had

not incurred any medical expenses. VIS. Because there was no evidence that A.C. suffered bodily injury as a result of Kirkwood's conduct, the district court did not have authority to order restitution for lost income under § 3663A(b)(2)(C).

Nor was there any evidence that A.C.'s claimed lost income was "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." § 3663A(b)(4). The statutory text provides:

> The order of restitution shall require that such defendant … in any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses *incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.*

§ 3663A(b)(4) (emphasis added). The requirement that the expenses "incurred during" the criminal offense proceedings applies to the whole provision. *Koutsostamatis*, 956 F.3d at 306. The Supreme Court described this provision as involving "the kind of expenses that a victim would be likely to incur when he or she … misses work and travels to talk to government investigators, to participate in a government criminal investigation, or to testify before a grand jury or attend a criminal trial." *Lagos*, 584 U.S. at 582.

A.C.'s claimed lost income did not meet the requirement that it be "incurred during" the criminal offense proceedings. A.C. claimed that she lost income because she quit her job at Dollar Tree and took a different job at Hungry Howie's. ROA.166–67. The record does not indicate otherwise. Nowhere in the plea agreement, the PSR, the Government's evidence, or the district court's findings is there evidence that the claimed lost income was a result of "travels to talk to government investigators, to participate in a government criminal investigation, or to testify before a grand jury to attend a criminal trial." *Lagos*, 584 U.S. at 582.

Because there was no evidence that A.C. suffered bodily injury, § 3663A(b)(2)(C), or incurred lost income as a result of participating in the investigation, prosecution, or proceedings of this case, § 3663A(b)(4), the district court did not have authority to order restitution for A.C.'s claimed lost income.

> **2. The district court did not have authority to order restitution because it failed to determine that the victim's claimed lost income was directly and proximately caused by Kirkwood's offense.**

Even if restitution was permissible for A.C.'s claimed lost income, which Kirkwood does not concede, the district court erred by

failing to determine that it was "directly and proximately" caused by Kirkwood's conduct. § 3663A(a)(2).

The MVRA limits restitution to the victim's "actual loss directly and proximately caused by the defendant's offense." *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012); § 3663A(a)(2) (defining "victim" as "a person directly and proximately harmed as a result of" the defendant's offense). This Court has held that, if a district court orders restitution "without determining that the defendant's conduct proximately caused the victim's claimed losses, the amount of restitution necessarily exceeds the statutory maximum." *Kim*, 988 F.3d at 809.

The Government has the burden to prove by a preponderance of the evidence "the amount of loss suffered by a victim that resulted directly from the defendant's offense of conviction." *Id.*; 18 U.S.C. § 3664(e). The district court must resolve by a preponderance of the evidence any dispute over restitution. *See United States v. Sepulveda*, 64 F.4th 700, 714 (5th Cir. 2023); § 3664(e). "[E]very dollar must be supported by record evidence." *Sharma*, 703 F.3d at 323. "The MVRA does not permit restitution awards to exceed a victim's loss…. The court may not award the victim a windfall." *United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006).

Here, the Government failed to prove by a preponderance of the evidence that A.C.'s claimed lost income was directly and proximately caused by Kirkwood's conduct. The PSR did not include A.C.'s claimed $8,400 lost income.[3] ROA.166–68, 181; *see* 18 U.S.C. § 3664(a) (requiring that the PSR "to the extent practicable" provide a complete accounting of the losses to a victim). In the restitution section, the officer noted the restitution for A.C. was "TBD"—to be decided. ROA.181. At sentencing, the officer expressed some "question[s] about the restitution." ROA.142.

The prosecutor was ambivalent when arguing for A.C.'s requested $8,400 in lost income. ROA.142–43. When the district court asked, "have you done the calculations to get a number, or not?"— the prosecutor responded, "I *think* her calculation is right." ROA.143 (emphasis added). When counsel for Kirkwood argued that "any loss of wages is purely speculative"—because A.C. was being paid the same hourly rate at both part-time jobs without guaranteed hours—the prosecutor responded, "I don't *think* the

---

[3] Although A.C. claimed $8,400 in lost income, the district court awarded her $8,000 in restitution without any explanation for the difference.

numbers we're seeing are *inconsistent*" with the $8,400 request. ROA.143–44 (emphasis added). And in support added, "It *seems like* they schedule her less hours." ROA.144 (emphasis added).

The Government's documentation did not support the claimed $8,400 lost income. In her victim impact statement and as reported in the PSR, A.C. said she took a $400 per month pay cut when she left Dollar Tree and went to Hungry Howie's. VIS; ROA.167. But the earnings statements showed that A.C. was making less than $400 a month at Dollar Tree, and at least $100 a month at Hungry Howie's. ROA.224–26. The earnings statements from both Dollar Tree and Hungry Howie's show that A.C. was making the same hourly wage at both part-time jobs. ROA.221–26. And there was no explanation for why she was working fewer hours at the new job than she had been at the old job. ROA.221–26. It is the Government's "burden to provid[e] the court with enough evidence to estimate the victim's losses with *some reasonable certainty*." *United States v. West*, 137 F.4th 395, 403 (5th Cir. 2025) (cleaned up). The Government failed to meet its burden here.

And the district court erred by just accepting the Government's amount and failing to resolve the restitution dispute as required by the MVRA. *See* § 3664(e); *see also Sharma*, 703 F.3d at 324 (holding

that district court abused its discretion by failing to address defendant's objections to the Government's restitution evidence and just adopting the unsupported figure). The court did not "explain its [proximate cause] analysis." *United States v. Alfred*, 60 F.4th 979, 982 (5th Cir. 2023). The court did not explain how Kirkwood's conduct caused A.C. lost income of $400 per month. The court did not "'use[ ] … discretion and sound judgment' in fashioning a restitution order that it determined reflected [Kirkwood's] causal role" in the victim's claimed losses. *Id.* (quoting *Paroline v. United States*, 572 U.S. 434, 459 (2014)).

Instead of resolving the dispute over lost income, the district court asked the prosecutor and probation officer—"Is mental anguish also an element of restitution to victims … or is there any reason why it can't be?" ROA.144. When the prosecutor responded, "I don't know of a reason why it cannot be," but the probation officer said, "[w]e've never considered mental anguish in a restitution," the court announced, "Well, we'll make some new law." ROA.144.

In pronouncing the restitution, the district court made clear that it had not determined that A.C.'s claimed lost income was directly and proximately caused by Kirkwood's conduct. The court said the $8,000 restitution to A.C. was "for a combination of lost wages. *And*

*if that is not actually supported*, in the alternative $8,000 for mental anguish." ROA.144–45 (emphasis added). And although A.C. had requested and the Government had argued for $8,400, the court ordered $8,000 without explanation. "[A] district court's 'restitution order should represent an application of law, not a decisionmaker's caprice.'" *United States v. Villalobos*, 879 F.3d 169, 172 (5th Cir. 2018) (quoting *Paroline*, 572 U.S. at 462 (2014)) (cleaned up).

The district court did not have authority to order $8,000 restitution for A.C.'s claimed lost income because it failed to determine that the lost income was "directly and proximately" caused by Kirkwood's conduct as required by the MVRA. §§ 3663A(a)(2), 3664(e).

### 3. The district court did not have authority to order restitution for mental anguish.

The district court ordered Kirkwood to pay $8,000 restitution to A.C. for mental anguish. ROA.144–45. The court erred because the MVRA does not authorize restitution for mental anguish and there was no evidence A.C. suffered any loss on this basis.

A district court cannot order restitution except when authorized by statute. *Koutsostamatis*, 956 F.3d at 303. The MVRA does not authorize restitution for all the victim's costs or expenses caused by the defendant's offense. *See Lagos*, 584 U.S. at 584 (explaining the

MVRA, unlike other statutes, does not authorize restitution for the "full amount of the victim's losses"). The MVRA specifically delineates "the kinds of losses and expenses that it covers." *Lagos*, 584 U.S. at 580–81.

In the case of lost or damaged property, the defendant must return the property or pay the value of the property. § 3663A(b)(1). In the case of bodily injury to the victim, the defendant must pay the cost of necessary medical services for "physical, psychiatric, and psychological care," necessary "physical and occupational therapy and rehabilitation," and the victim's lost income. § 3663A(b)(2). In the case of death, the defendant must pay the cost of funeral expenses. § 3663A(b)(3). And, in any case, the defendant must pay expenses incurred during participation in the investigation, prosecution, or proceedings of the criminal case. § 3663A(b)(4). If the loss or expense is not listed in the statutory text, then the MVRA does not authorize restitution for it. *Cf. Koutsostamatis*, 956 F.3d at 303.

Nowhere in the text of the MVRA does it authorize restitution for a victim's mental anguish. *Cf. United States v. Husky*, 924 F.2d 223, 225–27 (11th Cir. 1991) (holding § 3663 does not permit restitution to be ordered for mental anguish or psychological disturbance). The MVRA compensates victims for actual losses. *Sharma*,

703 F.3d at 322. But the Government did not present any actual losses related to A.C.'s mental anguish. *See United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 752 (5th Cir. 2012) (vacating a restitution award where there was no loss).

In her victim impact statement, A.C. stated she was fearful, had trouble sleeping, and had dreams about the robbery. ROA.167. But she also said that she did not receive any medical treatment or counseling or have any medical or counseling expenses. VIS. Any amount of restitution for mental anguish would be speculative and, since there were no expenses related to it, a windfall. *See Beydoun*, 469 F.3d at 107 (restitution may not "award the victim a windfall"). The district court did not have authority to order restitution for A.C.'s mental anguish.

Because the MVRA did not authorize restitution for A.C.'s lost income or mental anguish, the district court erred by ordering the $8,000 restitution, and it should be vacated.

## Conclusion

For these reasons, the Court should vacate the $8,000 restitution order.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

/s/ Judy Fulmer Madewell
JUDY FULMER MADEWELL
First Assistant
Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, Texas 78205
(210) 472-6700
(210) 472-4454 (Fax)

*Attorney for Defendant-Appellant*

**Certificate of Compliance with Type-Volume Limit**

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,017 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook in body text and 13-point in footnotes.

/s/ Judy Fulmer Madewell
JUDY FULMER MADEWELL
*Attorney for Defendant-Appellant*

Dated: June 30, 2025